ELLIS, Judge:
On May 11, 1981, defendant Fred Gary Heath entered pleas of not guilty and not guilty by reason of insanity to a charge of second degree murder. However, the court minutes for that day showed only a plea of not guilty. On July 27, 1982, the date set for trial, when the discrepancy in the minutes was discovered, the court, on its own motion, ordered a continuance.
On August 19, 1982, the State moved ex parte for the appointment of a sanity commission to examine the defendant, and for an order permitting the State “to inspect and copy, photograph or otherwise reproduce any results of reports, or copies thereof, of physical and mental examinations and of scientific tests and experiments, of a similar nature”, in the possession of the defendant. The motion was granted by the court.
Subsequently, defendant filed a motion to vacate the August 19 order, which, after a hearing, was denied, and defendant applied to this court for writs of certiorari, mandamus and prohibition, seeking to have a review of the validity of that ruling. We refused the writ as to the order for the sanity commission, but issued an alternative writ ordering the trial judge to vacate his order permitting discovery of the defendant’s medical reports, or, alternatively, ordering that a writ of certiorari issue herein. The trial judge having elected the alternative, the matter is now before us for decision on the discovery issue.
This matter is governed by Article 725 of the Code of Criminal Procedure, which provides:
“When the court grants the relief sought by the defendant under Article 719 it shall, upon the motion of the state, condition its order by requiring that the defendant permit or authorize the state to inspect and copy, photograph or otherwise reproduce any results of reports, or copies thereof, of physical and mental examinations and of scientific tests or experiments, of a similar nature, made in connection with the case, that are in the possession, custody, or control of the defendant, and that the defendant intends to use as evidence at the trial or were prepared by a witness whom the defendant intends to call at the trial when such results or reports relate to his testimony.”
Article 719 of the Code of Criminal Procedure provide:
“Upon motion of the defendant, the court shall order the district attorney to permit or authorize the defendant to inspect and copy, photograph, or otherwise reproduce any results or reports, or copies thereof, of physical or mental examination, and of scientific tests or experiments, made in connection with or material to the particular case, that are in the possession, custody, control, or knowledge of the district attorney and intended for use at trial. Exculpatory evidence shall be produced under this article even though it is not intended for use at trial.”
It is clear that the State is not entitled to discover the defendant’s reports of physical and mental examinations unless the defendant has first been granted relief under Article 719, supra. No such relief has been requested in this case. The State is therefore not entitled to discovery under
*498 Article 725, supra. See State v. Rachal, 362 So.2d 737 (La.1978), at page 739, note 5. The authorities relied on by the State in support of its position are inapposite. The limited waiver of fifth amendment rights which accompanies a plea of not guilty by reason of insanity does not encompass a right to unilateral discovery of such material.
The writ of certiorari issued herein is therefore made peremptory, and the judgment of August 19, 1982, is amended so as to vacate and set aside that part thereof permitting discovery of defendant’s reports of physical and mental examinations.
WRIT MADE PEREMPTORY.